**In the Matter of Ronald D. SMITHLEY, Child Alleged to be a Delinquent Child, Appellant–Respondent,**

**v.**

**STATE of Indiana, Appellee–Petitioner.**

**No. 35A02–9109–JV–386.[1]**

Court of Appeals of Indiana, First District.

Dec. 18, 1991.

John W. Bailey, Matheny, Michael, Hahn & Bailey, Huntington, for appellant-respondent.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Ronald D. Smithley appeals his convic-

tion for Criminal Trespass,[2] a Class A misdemeanor. We reverse.

## ISSUE

Did the State prove all essential elements of criminal trespass beyond a reasonable doubt?

## FACTS

Stanley Mooberry owned a two-story house at 819 Esther Street in Huntington. The house was used as a storage warehouse. Some of the windows were boarded up and the doors were kept locked. On April 29, 1991, seventeen-year-old Smithley and another juvenile attempted to enter the house through the front door, but it was locked. They attempted to kick in the back door which was also locked. Finally, they removed the glass and wood from a window and crawled into the house. A neighbor witnessed the break-in and called the police. The police caught the two teenagers upstairs. Mooberry had not given either of the teenagers permission to enter the house.

As a minor, Smithley appeared for a detention hearing and was represented by counsel. The trial court found that Smithley had committed criminal trespass and placed him on probation for six months and ordered him to perform 48 hours of community service.

## DISCUSSION AND DECISION

Smithley contends that the State failed to prove that Mooberry had denied him entry to the house. The delinquency petition alleged that Smithley, not having a contractual interest in the real property, entered the real property of another person after having been denied entry by the other person or that person's agent. I.C. § 35–43–2–2(b) provides that a person has been denied entry by means of personal communication, oral or written; or, by posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public. In *Evans v. State* (1986), Ind.App.,

493 N.E.2d 806, 809, n. 1, *trans. denied,* the court noted that entering another's real property without consent does not constitute criminal trespass unless the premises are posted, denial of entry has been personally communicated, or a request to leave is made.

The State argues that the notice denying Smithley entry was the locked doors and boarded windows. The State reasonably contends that anyone attempting to enter the locked front door, also seeing the boarded windows and locked back door, is put on notice that the owner is excluding him from the premises. However, the statutory language must be accorded its plain and ordinary meaning. *Galindo v. Christensen* (1991), Ind.App., 569 N.E.2d 702, 704. "Post" is defined as "to fasten up (an announcement) in a place of public view"; "to cover with posters" or "to announce by or as by posters." *The American Heritage Dictionary of the English Language* 1023 (1981). "Exhibit" means "to show; display." *Id.* at 460. Lastly, "notice" means "a formal written announcement, published or displayed for all to see." *Id.* at 897. We conclude that "posting or exhibiting notice" requires a visible sign which denies entry to the property. Thus, we cannot stretch the meaning of the statute, as the State desires, to include "a locked front door". Mooberry admitted that no posted signs prohibiting trespassing were exhibited on the premises and that he had not told the two teenagers not to enter the house. Accordingly, the State failed to prove that Smithley had been denied entry, as required by I.C. § 35–43–2–2(a)(1).

Reversed.

BUCHANAN and CONOVER, JJ., concur.

2. IND.CODE § 35–43–2–2(a)(1).