Abel A. ALVES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0402–CR–192.

Court of Appeals of Indiana.

Oct. 12, 2004.

Transfer Denied Dec. 16, 2004.

Mark W. Rutherford, Laudig George Rutherford & Sipes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

This case addresses the effect of a "No Trespassing" sign on private property. Abel A. Alves appeals his conviction after a jury trial of trespass, a Class A misdemeanor.[1] He raises one issue: whether the evidence was sufficient to sustain his conviction.

We affirm.

## FACTS

On October 12, 2002, Robert Adams saw a green Honda parked off the road beside property located on County Road 650 South in Delaware County, Indiana. Adams knew the owners of the property, William and Kay Whitehead, and did not recognize the Honda. Adams pulled his vehicle off the road facing the Honda. He

[1.] Ind.Code § 35–43–2–2(a)(1).

saw Carol Blakney at the wheel of the Honda, and Alves standing on a gate about 30 to 40 feet from the edge of the road. The gate had a black and yellow "No Trespassing" sign attached to it.

Adams asked Alves and Blakney their names and wrote down their license number. Neither Alves nor Blakney had permission from the Whiteheads to enter their property.

## DISCUSSION AND DECISION

In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Herron v. State*, 808 N.E.2d 172, 176 (Ind. Ct.App.2004), *trans. denied*. When a conviction is based on circumstantial evidence, we will not disturb the verdict if the factfinder could reasonably infer from the evidence presented that the defendant is guilty beyond a reasonable doubt. *Id.* We need not find the circumstantial evidence overcomes every reasonable hypothesis of innocence; rather, there must merely be a reasonable inference from the evidence supporting the verdict for us to find the evidence sufficient. *Id.*

Ind.Code § 35–43–2–2 provides:

(a) A person who:

(1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent;

\* \* \*

commits criminal trespass, a Class A misdemeanor.

\* \* \*

(b) A person has been denied entry under subdivision (a)(1) of this section when the person has been denied entry by means of:

(1) personal communication, oral or written; or

(2) posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public.

Alves argues the evidence is insufficient to show he knowingly entered the Whiteheads' property and that he had been denied entry by the posting of a notice at the main entrance of the property.[2]

The Whiteheads' property at 650 South included a barn or other type of building and a silo set back from the road. A gate and fence separated those structures from the road. The gate was about 30 to 40 feet from the road and had a "No Trespassing" sign attached to it. Adams testified Alves was standing on the gate.[3]

There appears to be no Indiana case law addressing the point on a person's property at which a "No Trespassing" sign takes effect. Ind.Code § 35–43–2–2 provides a person may be "denied entry" for trespass purposes by means of "posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public."

While there was no evidence Alves had opened or climbed over the gate and walked past the "No Trespassing" sign, the jury could have reasonably inferred that at least part of his body entered the airspace above the Whiteheads' property.[4] As a result, there was sufficient evidence to sustain his conviction of trespass.[5]

Affirmed.

BAILEY, J., and SHARPNACK, J., concur.

---

**2.** Alves argues the gate he was standing on, which had a "no trespassing" sign on it was not the "main entrance" to the property. He concedes the term "main entrance" has not been defined by statute or case law. He also notes "the only visible main entrance to any real property that is represented in that property is that real property beyond the gate in which there is posted a 'no trespassing' sign." (Br. of the Appellants at 12.) Absent evidence there was any other "main entrance" to that section of the property, we decline to reweigh the evidence supporting the jury's determination the sign was posted at the "main entrance." The jury could have reasonably so inferred from the existence of a gated path and a fence separating the property from the side of the roadway.

**3.** Alves asserts Adams was mistaken about whether he was standing on the gate because of the difference in their heights. However, the jury heard this evidence, and we may not substitute our opinion for that of the jury. See *Wilson v. State*, 247 Ind. 680, 685, 221 N.E.2d 347, 350 (1966) (Jackson, J., concurring) (reviewing court, on appeal, does not seek to substitute its opinion as to a fact for that of the jury or the trial court).

**4.** The State was not obliged to show Alves climbed over the fence and set foot on the ground on the other side. Trespass is not confined to an invasion of the surface. Land has indefinite extent upward and downward; therefore, an intrusion into airspace above the surface may be trespass, as may an invasion below the surface. See 75 Am.Jur.2d *Trespass* § 31 (1991).

**5.** We need not address whether or under what circumstances entry into the area between a roadway and a "No Trespassing" sign might allow a conviction of trespass, as that specific issue is not before us today.