**Carol J. BLAKNEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A04–0402–CR–120.**

Court of Appeals of Indiana.

Dec. 23, 2004.

Mark W. Rutherford, Laudig George Rutherford & Sipes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Carol J. Blakney appeals her conviction for criminal trespass. Because the evidence shows that Blakney did not enter the real property of another beyond a posted "No Trespassing" sign and that she did not knowingly or intentionally aid, induce, or cause another person to do so, we find that the evidence is insufficient to support her conviction. Accordingly, we reverse.

### Facts and Procedural History

On October 12, 2002, Robert Adams was driving home when he saw a green Honda parked off the road alongside property located on East County Road 650 South in Delaware County. Specifically, the Honda was "parked parallel to the road a foot to the north off of the road." Tr. p. 263. Adams was a friend and neighbor of the owners of the property, William and Kaye Whitehead, and did not recognize the Honda. The Whiteheads' property on County Road 650 South included, among other things, a barn, which was set back from the road. A gate and fence, which was approximately thirty to forty feet from the road, separated the barn from County Road 650 South. Adams immediately pulled his vehicle off the road facing the Honda and observed two people. He saw Blakney seated behind the wheel of the Honda and Abel Alves standing on the gate, which had a black and orange "No Trespassing" sign affixed to it. When Adams exited his vehicle, Blakney told him that Kaye knew her. Adams wrote down Blakney's and Alves' names and the license plate number of the Honda. Nei-

ther Blakney nor Alves had permission from the Whiteheads to enter their property.

The State subsequently charged Blakney and Alves with Criminal Trespass, a Class A misdemeanor.[1] A jury found Blakney and Alves guilty as charged. Blakney now appeals.[2]

### Discussion and Decision

 Blakney contends that the evidence is insufficient to support her conviction for criminal trespass. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* We will uphold the conviction if there is substantial evidence of probative value to support it. *Id.*

To convict Blakney of trespass as charged in this case, the State must have proved that Blakney, who did not have a contractual interest in the property, knowingly or intentionally entered the Whiteheads' real property located on County Road 650 South after having been denied entry by the Whiteheads or the Whiteheads' agent. Ind.Code § 35–43–2–2(a)(1). A person has been "denied entry" under subsection (a)(1) when the person has been denied entry by means of "posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public." I.C. § 35–43–2–2(b)(2).

---

1. Ind.Code § 35–43–2–2(a)(1).

2. Alves appealed to this Court arguing that the evidence is insufficient to support his conviction. In an opinion issued October 12,

2004, we affirmed his conviction. *Alves v. State*, 816 N.E.2d 64 (Ind.Ct.App.2004), *trans. denied.*

■ Blakney argues that the evidence is insufficient to prove that she knowingly or intentionally entered the Whiteheads' real property *after* having been denied entry. Despite the State's assertion on appeal, there was no evidence adduced at trial as to exactly where the Whiteheads' property on County Road 650 South began and ended and thus whether the Honda was actually parked on the Whiteheads' real property. Regardless, we do not need to make that determination because even if the Honda was parked on the Whiteheads' property, the issue is whether Blakney was denied entry. This is so because to be convicted of criminal trespass under subsection (a)(1), it is not enough for a person to enter the real property of another. Instead, a person must enter the real property of another *after* having been denied entry. *See Smithley v. State*, 582 N.E.2d 903, 904 (Ind.Ct.App.1991) ("[E]ntering another's real property without consent does not constitute criminal trespass unless the premises are posted, denial of entry has been personally communicated, or a request to leave is made."). The issue with which we are now faced is the precise issue that the *Alves* court left open. *See Alves v. State*, 816 N.E.2d 64, 66 n. 5 (Ind.Ct. App.2004) ("We need not address whether or under what circumstances entry into the area between a roadway and a "No Trespassing" sign might allow a conviction of trespass, as that specific issue is not before us today."), *trans. denied.*

■ As noted above, a person has been "denied entry" under subsection (a)(1) when the person has been denied entry by means of "posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public." I.C. § 35–43–2–2(b)(2). Here, the evidence shows that Blakney was seated behind the wheel of the Honda, which was parked in the grass between County Road 650 South and the "No Trespassing" sign on the gate. Although the "No Trespassing" sign was visible from the road, we nevertheless find that a person is not denied entry to another's real property within the meaning of Indiana Code § 35–43–2–2(b)(2) until he or she actually enters the property beyond the notice. Although a person may be able to see the notice from afar, that person is still left without information to discern where the property protected by the notice actually begins. To eliminate such confusion, we hold that the denial of entry becomes effective at the point where the notice is actually posted and not at some indeterminate point in front of the notice.[3] If the Whiteheads did not want people to enter their real property between County Road 650 South and the "No Trespassing" sign on the gate, then they should have posted the sign closer to County Road 650 South. Because the evidence shows that the Honda, in which Blakney was seated, was parked in front of the "No Trespassing" sign and that Blakney did not proceed past the sign, Blakney was not denied entry to the Whiteheads' real property. Therefore, she did not commit the offense of criminal trespass. However, this does not end our inquiry into the sufficiency of the evidence because the State also argues that Blakney's conviction can be sustained under an accomplice liability theory.

■ Indiana's accomplice liability statute provides as follows:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

---

**3.** The potential for confusion is especially great here, where a car is parked just one foot off a county road, and it is likely that an easement or right-of-way exists.

(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense; or

(3) has been acquitted of the offense. Ind.Code § 35–41–2–4. Factors to be considered by the fact-finder to determine whether a defendant aided another in the commission of a crime include: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime. *Whedon v. State,* 765 N.E.2d 1276, 1277 (Ind.2002). While the defendant's presence during the commission of the crime or her failure to oppose the crime are, by themselves, insufficient to establish accomplice liability, the trier of fact may consider them along with the other factors to determine participation. *Id.* at 1277–78.

Here, the evidence simply shows that when Adams arrived on the scene, Blakney was seated behind the wheel of the Honda and Alves was standing on the gate. This Court affirmed Alves' conviction for criminal trespass on appeal because "[w]hile there was no evidence Alves had opened or climbed over the gate and walked past the 'No Trespassing' sign, the jury could have reasonably inferred that at least part of his body entered the airspace above the Whiteheads' property." *Alves,* 816 N.E.2d at 66. Because the evidence shows that Alves did not open or climb over the gate, the evidence is insufficient to prove that Blakney knew Alves would enter the airspace above the Whiteheads' property with part of his body. Accordingly, the evidence is insufficient to prove that Blakney knowingly or intentionally aided, induced, or caused Alves to commit the offense of criminal trespass. Because the evidence is insufficient to support Blakney's conviction for criminal trespass under either a principal or accomplice liability theory, we must reverse her conviction.

Reversed.

RILEY, J., and CRONE, J., concur.