

FILED
Oct 27 2015, 8:57 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan E. Powell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 27, 2015

Court of Appeals Case No.
49A02-1503-CR-135

Appeal from the Marion Superior
Court

The Honorable Rebekah Pierson-
Treacy

Trial Court Cause No.
49G19-1410-CM-46248

**Vaidik, Chief Judge.**

# Case Summary

[1] Jonathan Edward Powell was convicted in a bench trial of Class A misdemeanor criminal trespass after a bouncer at a downtown Indianapolis bar escorted him out of the bar and he refused to comply with an off-duty police officer's request that he leave the premises. However, because the State failed to prove that Powell was on the bar's property when the officer asked him to leave, there is insufficient evidence to support his criminal trespass conviction. We therefore reverse.

# Facts and Procedural History

[2] On October 3, 2014, Indianapolis Metropolitan Police Department Officer Matthew Cook was working off-duty at Bartini's in downtown Indianapolis. Officer Cook explained his duties as follows: "[I] stand outside the – out of police presence. If there is a disturbance inside, one they can't handle then I will go inside and deal with it. Otherwise, I stay – [bouncers] bring people outside that need to leave. I make sure they go away." Tr. p. 8.

[3] At some point in the evening, a Bartini's bouncer asked Jonathan Edward Powell to leave and escorted him out of the bar. Once outside, Powell, who appeared intoxicated, was told by Officer Cook that he had to leave. Powell responded that he did not want to leave and that he was going back inside the club. The officer explained to Powell that he would be arrested for trespassing. Powell began screaming at the officer and people walking by the club, and the

officer "had to move him from Bartini's side of the sidewalk over to – over across the street to the other sidewalk to get him away from people." *Id.* at 22.

[4] Powell was arrested and charged with one count of criminal trespass and one count of public intoxication. Following a bench trial where Officer Cook was the only witness, the trial court convicted Powell of criminal trespass but dismissed the public intoxication charge. Powell appeals his conviction.

## Discussion and Decision

[5] Powell argues that there is insufficient evidence to support his conviction for criminal trespass as a Class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Gorman v. State*, 968 N.E.2d 845, 847 (Ind. Ct. App. 2012), *trans. denied.* We consider only the probative evidence and the reasonable inferences therefrom that support the conviction. *Id.* We will affirm if the probative evidence and reasonable inferences from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.* Further, where the State has offered no evidence on an essential element of a charged crime, we cannot draw inferences favorable to the State from non-existent evidence. *Semenick v. State*, 977 N.E.2d 7, 10 n.6 (Ind. Ct. App. 2012).

[6] To convict Powell of Class A misdemeanor criminal trespass, the State had to prove that Powell knowingly or intentionally refused to leave the Bartini's real

property after Officer Cook asked him to do so, and that Powell did not have a contractual interest in the property. *See* Ind. Code § 35-43-2-2(b)(2). Powell's sole argument is that the State failed to present evidence that he was on Bartini's property when Officer Cook asked him to leave. We agree.

[7] Our review of the evidence reveals that the Bartini's bouncer escorted Powell out of the club. When Powell got outside the club, the officer told him that he had to leave. Tr. p. 18. Powell responded that he wanted to go back inside the club, and when the officer refused to allow him to do so, Powell began screaming at the officer and people walking by the club. The officer then moved Powell from Bartini's side of the sidewalk to the sidewalk across the street. In this limited testimony from Officer Cook, there is no specific information as to where Powell was standing when the officer ordered him to leave. Thus, the State failed to prove that Powell refused to leave the bar's real property after Officer Cook told him to do so, and we therefore find insufficient evidence to support Powell's conviction for criminal trespass. *See* I.C. § 35-43-202(b)(2).

[8] The State nevertheless directs us to *Walls v. State*, 993 N.E.2d 262 (Ind. Ct. App. 2013), in support of its argument that even if Powell was not on Bartini's property when Officer Cook asked him to leave, this Court can still affirm his conviction. However, the facts in *Walls* are distinguishable from the facts in this case. In the *Walls* case, an intoxicated Walls awakened apartment resident Kristy Zurita at 5:15 a.m. by kicking her front door and asking to enter her apartment. When Zurita refused to let in Walls, he continued to bang on her

door and yell. Walls then turned his attention to another apartment, and when refused entry, Walls attempted to put his foot through the threshold of that apartment. After those tenants pushed Walls out of their apartment, shut the door, and locked it, Walls continued to bang on the door.

[9] Walls was convicted of criminal trespass. On appeal he argued that only the apartment complex or its agent could ask him to leave the common area of the apartment complex. This Court held that the tenants in an apartment complex have a sufficiency possessory interest in, "at a minimum, their apartment doors, the threshold of their apartments, and the immediate areas by which they accessed their leased apartment units" to allow a criminal trespass conviction when the defendant refused to leave those specific areas after being requested to do so. *Id.* at 267. Here, however, we do not know where Powell was in relation to the bar. The only testimony from Officer Cook was that Powell was on Bartini's side of the sidewalk. There is no indication that Powell attempted to re-enter the bar or put his foot across the threshold. *Walls* provides no basis to affirm Powell's conviction.[1]

---

[1] The State also relies on a footnote in *Alves v. State*, 816 N.E.2d 64 (Ind. Ct. App. 2004), *trans. denied.* In the *Alves* case, this Court affirmed Alves' criminal trespass conviction where Alves was seen standing on a property owner's gate that had a No-Trespassing sign attached to it and was located thirty to forty feet from the road. In a footnote, we explained that the State was not obligated to show Alves climbed over the fence and set foot on the ground on the other side because trespass is not confined to an invasion of the surface. *Id.* at 66, n.4. Rather, we further explained that an intrusion into air space above the surface and an invasion below the surface may both be trespass. *Id.* Here, however, there is no evidence that Powell intruded into air space above Bartini's or invaded below its surface. Powell's reliance on this footnote is therefore misplaced.

[10] Last, the State contends that even if the evidence did not show that Powell was on Bartini's property when Officer Cook told him to leave, there is sufficient evidence to support Powell's conviction for criminal trespass because a reasonable inference could be made that while inside the bar, Powell refused the bouncer's request that he leave. First, the State's theory at trial was that Powell committed the trespass after the bouncer brought him outside and he refused to leave. Second, we find no evidence to support this contention where Officer Cook was the only witness at trial, and he was not in the bar at the time of Powell's expulsion. There is insufficient evidence to support Powell's conviction.

[11] Reversed.

Robb, J., and Pyle, J., concur.